## STEARNS vs. HUBBARD & al.

This court has no power to decree the specific performance of a contract to convey real estate, which is not in writing; even as it seems, though a parol contract be confessed by the answer.

THIS was a bill in equity; in which the plaintiff set forth that one *Jacob Daniels* having made his will, which was exhibited, with the bill, and appointed the defendants his executors, died, leaving a widow, and *Sally Daniels* his daughter, and only heir, then a minor :—That the defendants were appointed guardians to the minor, who was a devisee in the will; and in that capacity represented to the Circuit Court of Common Pleas that it would be for her benefit to sell all her real estate and invest the proceeds in securities on interest, according to law; which they were accordingly licensed and authorised to do :—That they gave bond to the Judge of Probate, in all things to observe the directions of law in such sale, and afterwards sold the same to the plaintiff at public auction, *March* 13, 1813;.for four hundred dollars ;—That the plaintiff, confiding in the knowledge and integrity of the defendants, and presuming in the regularity of their proceedings, and being ignorant of his own rights, did not take any deed of the land ; but paid the purchase money to the defendants, and thereupon entered into and has ever since continued to occupy and improve the premises, paying the taxes thereon, making improvement, and receiving the rents ;—That the said *Sally Daniels* has arrived at full age, and has brought her writ of entry against the plaintiff, which is now pending, to recover possession of the premises :—And thereupon prayed that the executors might .be required to execute to him a deed of the land ; and that *Sally Daniels* might be enjoined no farther to prosecute her suit for possession.

The executors answered that the testator, by the will, directed that four hundred dollars should be raised out of the real estate, and devised the residue of the real estate to his daughter *Sally* in fee, reserving the improvement of one third to the widow for her life :

That as executors they applied for and obtained license to sell the whole of the real estate of the deceased, reserving to the widow her right of dower, to the end that they might be enabled to carry into effect the provisions of the will ;—That they gave bond to the Judge of Probate, for the performance of their duty as executors, in making the sale, " in order to discharge the just debts of the deceased and incidental charges thereon, and legacies" ;—That inasmuch as in and by the will, and also by the license, they were authorised to sell the whole of the real estate, and as it might sell for more than sufficient to discharge the legacies of four hundred dollars with which it was charged by the will, they gave another bond, in their capacity of guardians, conditioned in all things to observe the directions of the law relative to the sales of such estates, so that the interests of the minor should be secured ;—That thereupon, at public vendue, the whole real estate was exposed for sale by the defendants as executors, and not as guardians, and was struck off for four hundred dollars, bid by the plaintiff, being the most they could obtain ; which sum they then understood from the plaintiff and still believe was bid by him for and in behalf of his daughter *Mary Daniels*, she being the widow of the testator, and the mother of *Sally Daniels* their ward ;—That the business was well understood by the parties to be so arranged for the benefit of the widow, who herself paid part of the purchase money ; and for the purpose of discharging the real estate from the four hundred dollars with which it was charged, and not for the purpose of vesting the title in the plaintiff ;—That the widow conferred with them relative to the procurement of the money to make the payment ;—That she is since deceased, leaving her said daughter her sole heir ;—That during her life time one of the defendants occupied the premises under and by virtue of an agreement with her ;—That they had no knowledge of any request from the plaintiff to execute a deed to him, till since her decease ;—That the plaintiff has since occupied the premises under an agreement with the defendants that such occupancy should be without prejudice to the rights of any party concerned ;—And that they have declined making any deed to the plaintiff, from the belief that *Sally Daniels* had an equitable inter-

41

est in the premises as heir to her mother ; but submit themselves to the decree of the court.

The case was briefly argued upon bill and answer, by *Fessenden* for the plaintiff, and *S. Emery* for the defendants ; and the opinion of the Court was read at the ensuing *October* term, as drawn up by

MELLEN C. J.  In the plaintiff's bill he prays for a decree against the respondents, directing them to make and execute a deed to him of the real estate described therein  and for the reasons he has stated.  By law, this court has power to compel a specific performance of a contract in writing ; but no such contract is set forth in the bill, nor, indeed, is there an allegation of any parol contract on the part of the defendants to make  and execute to him a deed of the premises in question ; neither does the answer of the defendants contain any admission  that there ever was any such contract, in writing or by parol.  In *Mitford's* pleadings, pages 215, 216, it is stated, as settled in courts of equity, that the statute of frauds may be relied on by plea or answer ; and that though a parol agreement to convey be stated in the bill and  confessed by the answer, still the defendant is entitled to the protection of the statute ; and no decree can be made merely on the ground of such confession. Viewing the cause in this light, we do not perceive what authority we have to compel a performance, or  rather a conveyance of the land in question, any more than in any other case where one person, who has purchased real estate and paid for it, cannot obtain a deed of it.  And, even in the case put, if the court should decree a conveyance on the ground of fraud, still in the case before the court there is no suggestion of fraud or conspiracy on the part of the defendants, or pretence of any.  On the facts appearing on the bill and answer, the bill is not sustainable.  But, in addition to this, on looking into the case, we are left in total doubt whether the estate was purchased at auction by the plaintiff for his own benefit, or for the benefit of, or in trust for *Polly Daniels* ; or whether the purchase money was paid by him out of his own funds, or from funds furnished to him by the said *Polly Daniels*.  This want of certain-

ty probably is owing to the long interval of time which the plaintiff has suffered to pass since the sale, without asserting his alleged title. In this state of the case, and with these clouds resting on the claim of the plaintiff, we cannot decree the conveyance prayed for ; nor, for the same reason, do we think there is any ground for granting an injunction upon *Sally Daniels*, enjoining her no further to prosecute her action against the said *Stearns*, now pending in this court, as stated in the complaint.                    *Bill dismissed.*